IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:06CV27-03-MU

| | |
|---|---|
| HAROLD McVAY, III | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| JACKSON COUNTY SHERIFF'S DEPARTMENT et., al, | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed October 11, 2006. (Document No. 1. )

In his Complaint naming thirty-one defendants, Plaintiff alleges that on October 18, 2003, law enforcement officials used excessive force on him when he was shot without probable cause. According to the Plaintiff's Complaint, on October 18, 2003, Plaintiff heard loud yelling coming from his yard. Plaintiff opened the back door and discovered that his house was surrounded by police officers who were pointing guns toward him. Police Officer John Helton directed Plaintiff to put down his gun and to come out of the house with his hands visible. Plaintiff asked what the police wanted. The police officers told Plaintiff that they wanted to talk with him in connection with the shooting of a police officer next door. Plaintiff did not come out, instead he sat down at his kitchen table and then walked through his house trying to figure out what to do. Plaintiff then opened the door again and inquired whether the police officer was hurt. The police officers told Plaintiff that the police officer that had been shot was going to be fine. The police then told Plaintiff

1

again that he needed to come out. Again, Plaintiff refused and told police he would not give up his weapon unless the police also put down their weapons. Plaintiff then offered to talk to Officer Helton in plain view of all the other officers. Officer Helton explained that he could not do that because Plaintiff was still armed and refused to put down his gun. Plaintiff was again directed to come out of the house, which he refused. Plaintiff requested a cell phone so that he could call his sister and explain what was going on. Plaintiff then heard shots and felt pains in his right arm and back. Plaintiff alleges that the police used excessive force when they shot him without probable cause.

**ANALYSIS**

Plaintiff's Complaint has a number of flaws. First, Plaintiff named thirty-one defendants in his Complaint alleging excessive force, however he failed to identify the officer who shot him and allegedly used excessive force against him in violation of his Constitutional rights. Plaintiff's Complaint cannot be permitted to proceed against so many defendants when his claim is specific to the person who allegedly used excessive force.

Next, the Supreme Court has held that a claim of excessive force in the prearrest context is properly analyzed under the Fourth Amendment's objective reasonableness standard. Graham v. Connor, 490 U.S. 386 (1989). That inquiry is whether the officer's actions were reasonable in light of the facts and circumstances confronting the officer without regard to their underlying intention or motivation. Such reasonableness must include an "allowance for the fact that police officers are often forced to male split-second decisions about the amount of force necessary in a particular situation." Id. at 397. When considering the reasonableness of an officer's actions, the Court must consider the circumstances surrounding the force including the severity of the crime at issue, whether

2

the suspect poses an immediate threat to the safety of the officers of others and whether the suspect is actively resisting arrest or attempting flight. Id. at 396. Applying these factors to the instant case, the crime for which the police wanted to talk to Plaintiff about was the shooting of a police officer which is sufficiently serious; Plaintiff was armed and refused to put his weapon down suggesting that the safety of all of the officers on the scene as well as any others in the area was a concern; and Plaintiff refused to come out of his house despite several orders directing him to do so suggesting that Plaintiff may have been resisting arrest or at the very least was being uncooperative with the police despite their attempts to talk with him about an investigation of a police shooting next door.

Considering the facts of Plaintiff's Complaint in the light most favorable to the Plaintiff, as this Court must, his own facts lead this Court to conclude that it was reasonable for the officer who shot Plaintiff to use such force. Plaintiff admits: 1) he was armed; 2) that he was asked to put down his weapon; 3) that he refused such request to put down his weapon; 4) that police asked to talk to him about a police officer being shot next door to him; 5) that he refused to talk to police and 5) that the police asked him to surrender and that he refused. This Court takes judicial notice of the fact that Plaintiff was subsequently convicted of the attempted first degree murder of a police officer. On these facts, this Court can conclude that the police officer who shot at Plaintiff was reasonable in the force he used. Furthermore, on these facts this Court can anticipate a successful qualified immunity defense.

Considering Plaintiff's factual allegations, this Court concludes that Plaintiff failed to identify the officer who allegedly used excessive force against him, but even more importantly and fatal for Plaintiff's Complaint is that applying the law to the facts of this case, this Court concludes that the officer who shot the Plaintiff was reasonable in his use of force. Finally, the Court would

3

anticipate a successful qualified immunity defense on these facts. Therefore, for all of the above reasons, Plaintiff's Complains is dismissed for failure to state a claim for which relief can be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**.

Signed: October 17, 2006

Graham C. Mullen
United States District Judge